IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMESHARE HELP SOURCE, LLC, AND EDUARDO BALDERAS<br><br>Defendants. | Civil File No. 2:23-cv-00035-AM |

**RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff respectfully responds to this Court's order of February 12, 2024 (ECF No. 114), directing Plaintiff to show cause why the parties have not engaged in meaningful discovery and why this Court should not maintain the case. In support thereof, the Plaintiff states as follows:

In sum, this case has been nothing short of a mess. The case was originally initiated in the U.S. District Court for the Eastern District of Pennsylvania against a singular Defendant, Timeshare Help Source, LLC. Defendant Timeshare Help Source LLC refused to respond to discovery, including as to its corporate officers, structure, and who directed the illegal telemarketing calls complained of in this matter to be sent, and Judge Kenney of the Eastern District of Pennsylvania granted a motion to compel in full in light of "Defendant's total lack of cooperation in discovery and failure to respond to the Court's orders." (ECF Nos. 16, 35).

In response, Defendant Timeshare Help Source LLC represented to the Court that an individual named Dan Human had knowledge of Timeshare Help Source's financial positions and operational conduct and that Dan Human was Timeshare Help Source's Director of Operations. Furthermore, counsel for Timeshare Help Source named Eduardo Balderas as the

individual who made decisions on behalf of Timeshare Help with respect to its marketing conduct. June 30, 2022 Hr'g Tr. 7:19-21; 11:2-4 (ECF No. 27). Based upon the foregoing representations, the Plaintiff amended the complaint to add both individuals. (ECF No. 40).

Thereafter, the case was first transferred to the U.S. District Court for the Eastern District of Missouri on Defendant Human's motion to transfer, as Defendant Human represented that himself and Timeshare Help were both residents of Missouri. (ECF No. 51). After Mr. Human settled with Plaintiff, Mr. Balderas filed a motion to dismiss, for summary judgment, and to transfer the matter to the U.S. District Court for the Western District of Texas, where it now is. (ECF No. 100).

Simply put, this case has no realistic way forward as against an obstinate corporate Defendant who appears to simply have abandoned this matter, as well as its own corporate operations and shut down, or against an individual who is proceeding *pro se* and claims to have left the company. Neither entity appears to have any assets to satisfy a judgment against them, let alone on a classwide basis for their illegal conduct. Indeed, Timeshare Help Source LLC has been revealed to be a massive scam owned by George Leo Reed and his wife LuAnn Reed, and that the LLC is owned by numerous shell companies and trusts controlled by the Reeds, which have both declared bankruptcy. *See generally State of Missouri v. Consumer Law Protection*, No. 22JE-CC0501 (Jefferson Cty. Circuit Ct. filed June 9, 2022).

Moreover, the individual defendant, Eduardo Balderas' *modus operandi* consists of filing the same motions to dismiss, for summary judgment, and for transfer over and over again in the same court, sometimes before they have even been ruled on, and forcing the Plaintiff to respond to the same such motion again and again. (*See* ECF No. 57 [motion to dismiss], No. 72 [motion to dismiss], Nos. 95, 96 [summary judgment], No. 102 [summary judgment], No. 103

[motion to dismiss], Nos. 104–110 [duplicative memoranda and exhibits in support]). Particularly because various Courts before which this matter is pending have refused to sanction Mr. Balderas for such conduct, including because of his status as a *pro se* litigant, the Plaintiff decided that he could not expend further time, energy, resources, and money in responding to the same motions over and over again and continue a course of what is sure to be further vexatious, vituperative, and dilatory conduct meant to drag this case out for as long as possible without securing the just, speedy, and efficient determination of the dispute. FED. R. CIV. P. 1.

In May of 2023, shortly before this matter was transferred to this Court, the Plaintiff negotiated a settlement with Defendant Dan Human. Mr. Human, who is not an attorney, also attempted to negotiate a settlement on behalf of Mr. Balderas, but the Plaintiff directed contact to Mr. Balderas, who did not respond to any such contact. Indeed, multiple attempts at contact with Mr. Balderas to discuss this case and the course of discovery, including arranging to have a 26(f) conference with him, all went unanswered and unresponded to.

For the aforementioned reasons, Plaintiff filed a motion for voluntary dismissal at ECF No. 111, requesting that the Court not maintain the case as to either Mr. Balderas or Timeshare Help and dismiss this case without prejudice. In it, the Plaintiff outlined much the same facts that he outlines here: that Defendant Timeshare Help Source LLC has completely shelved the litigation and will not respond to discovery. It was and still remains an unrepresented corporate Defendant which has appeared to have ceased operations. Moreover, its owners have now declared bankruptcy. As such, it would be useless to propound discovery on Timeshare Help Source. Moreover, the Plaintiff is entitled to a voluntary dismissal as against Timeshare Help Source because it did not file a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i).

However, things are slightly different when it comes to Defendant Eduardo Balderas. The Plaintiff was unable to propound any discovery, and therefore the parties did not conduct any discovery as between themselves, because Mr. Balderas refused to speak to Plaintiff, former counsel for Plaintiff, Anthony Paronich, or have a 26(f) conference with either. As such, the formal discovery process did not open with respect to Mr. Balderas. And as evidenced through Mr. Balderas' numerous filings, it appears to have been his position that any discovery in this action would have been premature given his (now denied) motions to dismiss and for summary judgment. And, because Mr. Balderas filed a motion for summary judgment Plaintiff was precluded from voluntarily dismissing him under the dictates of FED. R. CIV. P. 41(a)(1)(A)(i) so instead sought a court order as provided by Rule 41(a)(2). (ECF No. 111).

In sum, for the aforementioned reasons, the Plaintiff respectfully renews his request, pursuant to Rule 41(a)(2), to dismiss this action as against both remaining Defendants without prejudice. Plaintiff apologizes for any inconveniences he may have caused the Court by not conducting discovery in this matter during the pendency of his or Balderas' motions. Judicial economy, efficiency, and the practicalities of this case dictate that this case should not be maintained for the reasons stated above.

RESPECTFULLY SUBMITTED AND DATED this March 12, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong (W.D. Tex. # 333687)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Class*

4

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case. I also certify that I mailed a copy of the foregoing to:

Eduardo Balderas
P.O. Box 422003
Del Rio, TX 78842

Timeshare Help Source LLC
525 Cascade Drive
Suite 104
Colorado Springs, CO 80903

March 12, 2024

>  */s/ Andrew Roman Perrong*
> Andrew Roman Perrong (W.D. Tex. # 333687)
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff and the Class*