FILED

APR 04 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMESHARE HELP SOURCE, LLC, and EDUARDO BALDERAS,<br><br>Defendants. | Case No. 2:23-CV-35-AM |

## ORDER

Before the Court is Andrew Perrong's (the "Plaintiff") Motion for Voluntary Dismissal Without Prejudice (the "Motion"). (ECF No. 111.) Timeshare Help Source, LLC ("Timeshare") and Eduardo Balderas ("Balderas") (collectively, the "Defendants") filed no opposition to the Motion. As explained below, the Motion shall be **GRANTED**.

### I. RELEVANT BACKGROUND

The procedural background of this case is extensive and only partially repeated here. On March 22, 2022, the Plaintiff commenced this action in the United States District Court for the Eastern District of Pennsylvania when he filed a complaint against Timeshare individually and on behalf of a class. (ECF No. 1.) The complaint alleged that Timeshare violated the Telephone Consumer Protection Act of 1991 by calling the Plaintiff and other unnamed class members, all of whom were listed on the National Do Not Call Registry. (*Id.* at 1, 7.) That same day, the Plaintiff's counsel Anthony Paronich filed a pro hac vice motion [ECF No. 3], which United States District Judge Chad Kenney granted on March 23, 2022. (ECF No. 4.)

On April 20, 2022, Timeshare filed an answer to the complaint. (ECF No. 6.) The next day, Judge Kenney issued an order referring the case to a magistrate judge to conduct a settlement conference, scheduling a Federal Rule of Civil Procedure 16 conference, and setting certain deadlines. (ECF No. 7.) The parties held a Federal Rule of Civil Procedure 26(f) conference and submitted a report about that conference on May 3, 2022. (ECF No. 10.) That same day, Timeshare filed a motion to dismiss for lack of jurisdiction, which the Plaintiff opposed and the Court denied. (ECF Nos. 11, 12, 13.) The parties on May 26, 2022, held a Federal Rule of Civil Procedure 16 conference before Judge Kenney, who issued a scheduling order that same day. (ECF Nos. 14, 15.)

The Plaintiff filed a motion to compel discovery responses from Timeshare on June 7, 2022. (ECF No. 16.) In a joint letter dated June 15, 2022, the parties represented to Judge Kenney that they "already produced documents" and "will be producing more today." (ECF No. 18.) Timeshare filed a response to the Plaintiff's motion to compel discovery on June 21, 2022. (ECF No. 20.) The Plaintiff filed a reply to Timeshare's response on June 22, 2022. (ECF No. 21.) Also on June 22, 2022, Judge Kenney ordered Timeshare's defense counsel to identify all his client's shareholders, including those with a one percent equity interest. (ECF No. 22.) On June 29, 2022, Judge Kenney ordered that counsel for Timeshare's alleged sole owner, Mainline Partners, place on the record all of that entity's general partners and shareholders, including those with a one percent equity interest. (ECF No. 23.) Timeshare on that same day submitted a sur-reply to the Plaintiff's reply concerning the Plaintiff's motion to compel discovery. (ECF No. 24.) The parties held a hearing before Judge Kenney on the Plaintiff's motion to compel discovery, which Judge Kenney granted in part and continued in part on June 30, 2022. (ECF Nos. 25, 26.)

On July 15, 2022, Timeshare's counsel sent an email stating, among other things, that Timeshare would file for Chapter 7 bankruptcy protection before July 2022 ended. (ECF No. 29.) On July 18, 2022, Judge Kenney ordered follow-up information related to Timeshare's counsel's email. (ECF No. 30.) Judge Kenney on July 19, 2022, issued an order requiring Dan Human, Timeshare's Director of Operations, to appear for a hearing. (ECF No. 32.) The Plaintiff filed a motion for an order to show cause on July 23, 2022, because Timeshare allegedly failed to comply with a discovery order. (ECF No. 33.) Timeshare on August 1, 2022, filed a motion, which among other things, sought to dismiss or transfer venue to the United States District Court for the Eastern District of Missouri. (ECF No. 34.) On August 2, 2022, Judge Kenney issued an order granting the Plaintiff's motion to compel because of Timeshare's "total lack of cooperation in discovery and failure to respond" to the court's orders. (ECF No. 35.) Judge Kenney also denied the Plaintiff's motion for an order to show cause and issued a notice that outlined Timeshare's failure to cooperate. (ECF Nos. 36, 37.)

To add Balderas and Human as defendants, the Plaintiff filed on August 2, 2022 a motion to amend the complaint [ECF No. 38], which Judge Kenney granted on August 4, 2022. (ECF No. 39.) Accordingly, the Plaintiff filed an amended complaint on August 4, 2022. (ECF No. 40.) The amended complaint is substantially like the original complaint. (*Compare id.*, *with* ECF No. 1.) The amended complaint alleges that "discovery produced in the litigation has identified more than 1,900,222 calls made to the following Pennsylvania area codes." (ECF No. 40, ¶ 12.)

To reprimand Human for allegedly failing to attend a court hearing, the Plaintiff filed a motion to hold Human in contempt and to impose sanctions on August 18, 2022. (ECF No. 44.) Human opposed the Plaintiff's motion, but his opposition included motions to dismiss or transfer

venue to the United States District Court for the Eastern District of Missouri. (ECF No. 45.) The Plaintiff replied to Human's opposition and motions. (ECF No. 46.)

The Court ultimately denied the Plaintiff's motion for contempt and sanctions [ECF No. 47], but Judge Kenney granted Human's motion to transfer venue on October 5, 2022. (ECF Nos. 50, 51.) Notably, Judge Kenney stated that the "Plaintiff was confronted with an implacable and opaque blocking approach to discovery by" Timeshare. (ECF No. 50 at 1.) Judge Kenney also noted that the Plaintiff "is not the average plaintiff" and is "a routine litigant" who "appears to have little trouble availing himself to various courts." (*Id.* at 11.) Specifically, Judge Kenney stated that the Plaintiff "was able to travel from Italy to Pennsylvania to attend a hearing" in his court [*id.*] and "has filed over 100 lawsuits in [Pennsylvania] and [other states], including Florida, Massachusetts, Rhode Island, New York, New Jersey, Maryland, Connecticut, Indiana, Illinois, Michigan, and Delaware, and generally does not appear to be inconvenienced by the demands of litigation." (*Id.* at 11 n.6.)

The case was transferred to the United States District Court for the Eastern District of Missouri on October 5, 2022. (ECF No. 53.) United States District Judge Rodney Sippel, who was assigned the case, ordered a Rule 16 conference and other scheduling matters. (ECF Nos. 54, 55.) On October 26, 2022, the Plaintiff's counsel filed a pro hac vice motion, which Judge Sippel granted the next day. (ECF Nos. 58, 59.) Separately, on October 19, 2022, Balderas filed a motion to dismiss the amended complaint, which included a request to transfer venue. (ECF No. 57.) The Plaintiff opposed that motion. (ECF No. 60.) Human filed a motion to dismiss the amended complaint on November 8, 2022. (ECF No. 64.) Timeshare filed an answer to the amended complaint On November 10, 2022. (ECF No. 65.) On that same day, the parties filed a joint motion "to stay and administratively close [the] case pending mediation" because they agreed to

participate in a mediation [ECF No. 63], which Judge Sippel granted on November 23, 2022. (ECF No. 66.) Judge Sippel's order also denied all pending motions without prejudice. (*Id.*) But, because mediation failed, the Plaintiff on February 9, 2023 filed a motion to lift the administrative stay [ECF No. 69], which Judge Sippel granted on March 2, 2023. (ECF No. 70.) Judge Sippel also issued an amended order setting a Federal Rule of Civil Procedure 16 conference. (ECF No. 71.)

On March 21, 2023, Balderas and Human each filed a motion to dismiss the amended complaint. (ECF Nos. 72, 73.) The Plaintiff opposed those motions on April 4, 2023 [ECF Nos. 75, 76], and Balderas and Human filed replies on April 13, 2023. (ECF No. 78, 79.) Also on April 13, 2023, the Plaintiff filed a motion for Judge Sippel to conduct a Federal Rule of Civil Procedure 16 conference virtually [ECF No. 77], which Judge Sippel denied on April 21, 2023. (ECF No. 82.) The Plaintiff filed a joint scheduling plan on April 19, 2023. (ECF No. 81.) On May 11, 2023, Human filed an amended motion to dismiss or alternatively a summary judgment motion [ECF Nos. 85, 86, 89], and a motion to stay discovery. (ECF Nos. 87, 88.) On May 19, 2023, Judge Sippel converted Balderas's and Human's motions to dismiss to summary judgment motions and ordered among other things that the Plaintiff respond to Human's motions by June 6, 2023. (ECF No. 91.) On June 5, 2023, one day before the Plaintiff's court-ordered deadline to respond to Human's motions, the Plaintiff filed a notice of voluntary dismissal without prejudice as against Human. (ECF No. 92.) The Plaintiff on that same day filed opposition to Balderas's motion to dismiss. (ECF No. 93.) Balderas on June 8, 2023, filed a statement of uncontroverted facts and a reply to the Plaintiff's opposition. (ECF Nos. 95, 96.) The Plaintiff filed a notice of voluntary dismissal with prejudice as against Human on June 12, 2023. (ECF No. 97.) On June 13, 2023, Judge Sippel granted the Plaintiff's notice of dismissal of claims against Human with prejudice

[ECF No. 98], and Judge Sippel separately denied Human's motions to dismiss as moot. (ECF No. 99.) On July 12, 2023, Judge Sippel denied Balderas's summary judgment motion without prejudice and transferred the case to this Court. (ECF No. 100.) On July 31, 2023, Balderas filed a summary judgment motion [ECF Nos. 102, 105, 106, 107, 108, 109, 110] and a partial motion to dismiss. (ECF Nos. 103, 104.) The Plaintiff filed the Motion on August 11, 2023. (ECF No. 111.) On February 12, 2024, the Court converted Balderas's partial motion to dismiss into his summary judgment motion, and denied without prejudice the combined motion. (ECF No. 112.) On that same day, the Court also ordered Timeshare to inform the Court by March 1, 2024, whether it will retain counsel, and that the Colorado Secretary of State be served. (ECF No. 113.) The Court also ordered that by March 12, 2024, the Plaintiff and Balderas show cause as to why the parties have not engaged in meaningful discovery and why the Court should not maintain this case; stayed the Motion; and ordered the Plaintiff's counsel to file a pro hac vice motion or else have local counsel join. (ECF No. 114.) On February 21, 2024, the Plaintiff filed a notice of attorney appearance, indicating that he recently became a licensed attorney. (ECF No. 118.) The Court issued an order accepting the Plaintiff's notice of attorney appearance. (ECF No. 119.) The Plaintiff filed a response to the show-cause order [ECF No. 124] on March 12, 2024, but Balderas filed no response. On March 14, 2024, the Court extended the deadline for Timeshare to inform the Court whether it would retain counsel and ordered that Timeshare's registered agent be served. (ECF No. 126.) Timeshare had until March 29, 2024, to inform the Court (*id.*), but it did not respond.

## II. ANALYSIS

The Plaintiff contends that this action should be dismissed without prejudice because the Defendants are "insolvent" and "refusing to participate in any meaningful discovery." (ECF No.

111 at 1-2.) The Plaintiff also contends that the Defendants would face no legal prejudice if the pending motion were granted because (1) the Defendants "have a full opportunity to present all available defenses in any future suit relating to the claims that [the] Plaintiff now seeks to dismiss," (2) the Plaintiff preserved "any potentially relevant information" and will continue to do so, (3) even if the Defendants become solvent or the Plaintiff receives additional information, "the Defendants would be entitled to any due process . . . including a motion to dismiss," "the benefit of discovery in any future suit," and "any defenses" to the Plaintiff's claims, (4) the Plaintiff "simply mak[es] a decision of resource allocation given the challenges described above" at this "early stage in the litigation," and (5) "the Plaintiff has not suffered an adverse legal decision that lessens his chances for success on the merits." (*Id.* at 2-3.)

"If a plaintiff moves to voluntarily dismiss after a summary judgment motion has been filed, it must first receive the court's consent." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196 (5th Cir. 2018). Federal Rule of Civil Procedure 41(a)(2) states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).[1] "[G]ranting a Rule 41(a)(2) dismissal is discretionary." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 296 (5th Cir. 2016). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Rule 41(a)(2) is intended to "prevent voluntary dismissals which unfairly affect the other side, and to permit the

---

[1] Federal Rule of Civil Procedure Rule 23(e) governs voluntary dismissal in a class action. FED. R. CIV. P. 23(e). According to that rule, "a class proposed to be certified for purposes of settlement may be . . . voluntarily dismissed . . . only with the court's approval." *Id.* The rule prescribes a procedure, including that the parties provide "information sufficient to enable [the Court] to determine whether to give notice of the proposal to the class." *Id.* The Plaintiff apparently did not propose to certify a class for settlement purposes. *Id.* Thus, this rule does not apply.

7

imposition of curative conditions." *Id.* (internal quotation marks and citations omitted). On a Rule 41(a)(2) motion, the district court "should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317-18 (internal citation omitted). "If the district court chooses the latter path, . . . the district court [must] allow the [plaintiff] the opportunity to withdraw [his] motion to dismiss rather than accept the conditions." *Id.* at 320. One condition that a district court can impose is dismissal with prejudice, which is "the harshest condition." *Id.* at 319-20.

Legal prejudice generally does not include additional expense "incurred in relitigating issues in another forum," *id.* at 317 n.3, or "the mere fact that the plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum." *Vaughn*, 907 F.3d at 198 (internal quotation marks and citation omitted). But, legal prejudice includes an avoidance of an imminent adverse decision, significant preexisting litigation expenses, and a potential loss of a defense. *Id.* at 197-98 (finding that the plaintiffs apparently did not avoid an imminent adverse decision because although the defendant filed a summary judgment motion, "no formal discovery had been conducted at the time of the [plaintiffs'] motion except for the court's request for a sample contract" and the most recent motion was disposed in the plaintiffs' favor) (also finding no significant preexisting litigation expenses because the parties failed to conduct discovery, mere weeks passed since the defendant filed an answer, and only one hearing was held); *see also United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (finding significant preexisting litigation expenses because the plaintiff filed his motion to dismiss nine

months after suit was filed, both sides filed responsive pleadings and numerous motions, the parties attended numerous conferences, the federal government declined to join the plaintiff's case, and the plaintiff's counsel was sanctioned for not participating in the discovery process).

Here, the Defendants would likely face legal prejudice if the Motion were granted because of significant preexisting litigation expenses. *See, e.g., Doe*, 343 F.3d at 330. The Plaintiff filed this motion from a year to nearly a year-and-a-half after he filed this lawsuit against Balderas and Timeshare respectively. (ECF Nos. 1, 40, 111.) The parties also engaged in some discovery, mediation, and (at least relative to Timeshare) some court conferences. (*See, e.g.*, ECF No. 25.) Moreover, the parties filed numerous pleadings and motions, including motions for summary judgment and discovery sanctions. (*See, e.g.*, ECF No. 102.)

Separately, although not dispositive on this motion, the Court notes that the Plaintiff appears to avoid potentially adverse decisions. The Plaintiff filed a notice of voluntary dismissal without prejudice as against a former defendant just one day before the Plaintiff's court-ordered deadline to respond to that defendant's dispositive motions [ECF Nos. 91, 92], and the Plaintiff filed this motion just days after Balderas filed his summary judgment motion and motion to dismiss. (*Compare* ECF No. 111, *with* ECF Nos. 102, 103, 104, 105, 106, 107, 108, 109, 110.)

Nevertheless, the Court will impose a condition that dismissal be with prejudice rather than without prejudice. *Elbaor*, 279 F.3d at 320. The Plaintiff's motion and Balderas's summary judgment motion suggest these two parties prefer to end litigation. Timeshare's non-responsiveness also suggests that it is not serious about litigation. As a result, the Court will provide the Plaintiff with 30 days to withdraw the Motion if he opposes this condition. Therefore, the Motion shall be granted with the condition that it be with prejudice.

## III. CONCLUSION

IT IS **ORDERED** that the Plaintiff's Motion for Voluntary Dismissal Without Prejudice [ECF No. 111] be **GRANTED**, but that it be **WITH PREJUDICE** rather than without prejudice.

IT IS **FURTHER ORDERED** that the Plaintiff, if he opposes the Court's condition that dismissal be with prejudice, has 30 days from this order to withdraw his Motion for Voluntary Dismissal Without Prejudice. (ECF No. 111).

SIGNED and ENTERED on this 4th day of April, 2024.

ALIA MOSES
Chief United States District Judge